IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BARBARA SMITH,

      Plaintiff,

CASE NO.: 4:16-cv-3572

vs.

CONN CREDIT CORPORATION, INC.,

      Defendant.

_____/

## PLAINTIFF BARBARA SMITH'S RESPONSE IN OPPOSITION TO DEFENDANT CONN CREDIT CORPORATION, INC.'S FRCP 12(B)(6) MOTION TO DISMISS PLAINTIFF BARBARA SMITH'S VERIFIED COMPLAINT

Plaintiff, BARBARA SMITH (hereafter "Plaintiff"), by and through undersigned counsel hereby files this Response in Opposition to Defendant Conn Credit Corporation, Inc.'s FRCP 12(B)(6) Motion to Dismiss Plaintiff Barbara Smith's Verified Complaint [Doc. No. 6], and in support thereof states as follows:

### INTRODUCTION AND PROCEDURAL BACKGROUND

On November 9, 2016, Plaintiff filed her Complaint in the Southern District of Texas, Houston Division. [Doc. No. 1] for violations of the Texas Debt Collection Act, (hereafter "TDCA"), TEX. FIN. CODE §392, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereafter the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA"). On December 20, 2016, Defendant, Conn Credit Corporation, Inc. (hereafter "Defendant") filed Defendant Conn Credit Corporation, Inc.'s FRCP 12(B)(6) Motion to Dismiss Plaintiff Barbara Smith's Verified Complaint (hereafter the "Motion") [Doc. No. 6]. Defendant seeks to dismiss Plaintiff's Complaint on the basis that it believes Defendant is the incorrect party and therefore failed to state a claim upon which relief may be granted. [Doc No. 6

1

¶ 1-2]. It is Plaintiff's position that Defendant is the correct party to the subject litigation and Plaintiff has sufficiently alleged facts to state a claim under the TCPA, FDCPA, and TDCA. Plaintiff includes the following Memorandum of Legal Authority in support of her position.

## MEMORANDUM OF LEGAL AUTHORITY

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996); *Fin. Acquisition Partners v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' "*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (citation omitted). These motions are viewed with disfavor and rarely granted. *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir. 2000); *Sosa v. Coleman,* 646 F.2d 991, 993 (5th Cir.1981).

Assuming all the allegations are true, the court must then determine whether the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).

The Supreme Court has further explained that a plaintiff's complaint need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Dismissal pursuant to Rule 12(b)(6) is warranted only when a defendant shows that a plaintiff can prove no set

of facts which entitle it to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 570 (2007); *Fin. Acquisition Partners*, 440 F. 3d at 286; *Conley v. Gibson*, 355 U.S. 41, 48 (1957). The pleading requirements set forth in Rule 8(a)(2) merely require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, "[a] court may not look beyond the face of the pleadings to determine whether relief can be granted based on the alleged facts." *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996); *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999), *cert. denied,* 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000).

Upon review of the instant complaint, the Court should find that Plaintiff has met her burden to state a cause of action and plead entitlement to relief against Defendant.

## ARGUMENT

Defendant's Motion is premised upon its belief that Defendant has no connection to the alleged facts giving rise to Plaintiff's Complaint and is the incorrect party to this litigation. [Doc No. 6 ¶ 1]. In its Motion, Defendant relies on its misinterpretation of Plaintiff's Complaint and the perceived conclusory allegations that "Plaintiff purchased consumer goods and services from Defendant, Conn Credit, did so on credit, and then Defendant, Conn Credit attempted to collect on the debt Plaintiff owed for such purchases." [Doc. No. 6 ¶ 8]. Nowhere in Plaintiff's Complaint does Plaintiff make such allegations. Defendant further argues that the actual company Plaintiff should be suing is Conn Appliances, Inc. and "[t]he entity that Plaintiff made purchases from, entered into contracts with, and who would have made telephone calls regarding the purchases or money owed . . . is Conn Appliances, Inc." [Doc. No. 6 ¶ 8].

However, Plaintiff's contractual agreement with Conn Appliances, Inc. assigned, sold, and transferred all rights, interest, and title to Defendant. Public records will show, and even Conn Appliances, Inc.'s website will show, that Conn's business practice is to include a clause in their credit agreements assigning, transferring, and selling contracts to Defendant. *Alvarado v. Conn*

3

*Appliances, Inc.*, No. 1:16-cv-464-LY, 2016 U.S. Dist. Lexis 159833 (W.D. Tex. Nov. 17. 2016) (admitting Conn Appliances, Inc.'s written agreement relieves Conn Appliances, Inc. of its obligations as a party to the contract and switches its role to agent and servicer for Conn Credit). Because this Court may consider public records in its decision, Plaintiff meets the *Iqbal* and *Twombly* standard because it is feasible, and not merely a legal conclusion, that Defendant made telephone calls in an attempt to collect on a debt. Conn Appliances, Inc. directly implicates Conn Credit as a party to the contract via its assignee clause.

Nonetheless Defendant's allegations are irrelevant. Defendant did not rely on the four corners of the complaint and merely cited to extrinsic evidence. The court may not rely on the alleged facts cited by Defendant because they are extrinsic to the complaint. *Carter v. Stanton*, 405 U.S. 669, 671, 31 L. Ed. 2d 569, 92 S. Ct. 1232 (1972) (explaining that when a court considers matters beyond the four corners of a complaint, courts are required "to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56." Here, Defendant is attempting to introduce matters outside of the pleadings and therefore the alleged facts must be excluded, resulting in a denial of Defendant's Motion to Dismiss.

Furthermore, Plaintiff has sufficiently alleged violations of the TCPA, FDCPA, and TDCA, Therefore, Defendant's Motion must be denied in its entirety.

### A. Plaintiff's Claim Under the TCPA Surpasses the *Twombly* and *Iqbal* Standard

In order to sustain a claim under the TCPA, a Plaintiff must allege that the defendant (1) made a call using an automatic telephone dialing system; (2) the call was not made for emergency purposes; (3) the call was made without the plaintiff's prior express consent; and (4) the call was made to a telephone number assigned to the plaintiff's cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff's factual allegations support every element of the TCPA. In her complaint,

Plaintiff alleges, "Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit "B."" [Doc. No. 1 ¶ 22].  Exhibit "B" to the complaint includes a list of one hundred thirty three (133) known telephone calls made by Defendant to Plaintiff's cellular telephone.  Additionally, Plaintiff further alleges "Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak." [Doc. No. 1 ¶ 23]; "Plaintiff did not speak with a representative during the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call." [Doc. No. 1 ¶ 24];   and "Some of the voicemail messages received by Plaintiff on her cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff" [Doc. No. 1 ¶ 26].  Each of these allegations, as pled by Plaintiff, if sufficient to satisfy the first element of the TCPA.

Plaintiff's Complaint includes additional facts to satisfy the remaining elements of a TCPA claim:  (2) "None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A)" [Doc. No. 1 ¶ 28]; (3) "Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on June 13, 2016 at 8:12 a.m., when Plaintiff verbally advised Defendant to stop calling her cellular telephone." [Doc. No. 1 ¶ 12]; and (4) "Plaintiff is the regular user and carrier of the cellular telephone number ending in -5689 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice."

Based upon the factual allegations included in Plaintiff's Complaint outlining the actions taken by both Plaintiff and Defendant in response to the phone calls made by Defendant to Plaintiff's cellular telephone, Plaintiff has sufficiently alleged violations of the TCPA.  Therefore,

Plaintiff has stated a claim for relief under the TCPA and has surpassed the standard outlined in *Twombly* and *Iqbal*.

### B. Plaintiff's Claim Under the FDCPA Surpasses the *Twombly* and *Iqbal* Standard

To prove an FDCPA violation, a plaintiff must allege: (1) he/she has been subject to a collection activity stemming from a consumer debt; (2) defendant is defined as a debt collector under the FDCPA; (3) defendant engaged in a collection practice prohibited by the FDCPA. *Browne v. Portfolio Recovery Assocs.*, No. H-11-02869, 2013 U.S. Dist. LEXIS 31257, at *10-11 (S.D. Tex. Mar. 7, 2013) citing (*Stewart v. Alonzo*, No. C-080347, 2009 U.S. Dist. LEXIS 5362, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009)).

Here, Plaintiff's Verified Complaint alleges sufficient facts to support Plaintiff's claim that Defendant violated the FDCPA: (1) Plaintiff alleges Defendant, at all material times, was attempting to collect a debt relating to a Conn's Home Plus Account, Account No. ending in -3134 [Doc. No. 1 ¶ 10] and identifies the specific account upon which Defendant was attempting to collect a debt; (2) Defendant is defined as a debt collector under the FDCPA, 15 U.S.C. § 1692a(6) [Doc. No. 1 ¶ 7] as it is a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and was at all material times, attempting to collect a debt relating to Plaintiff's Conn's HomePlus Account. [Doc. No. 1 ¶ 10]; and (3) Defendant violated the FDCPA, 15 U.S.C. § 1692c(a)(2), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel [Doc. No. 1 ¶ 36]. A copy of the written notice from Plaintiff to Defendant identifying Plaintiff's attorney was attached to the complaint as Exhibit "A" along with fax confirmation verifying that the fax was transmitted to Defendant. [Doc. No. 1 ¶ 15].

Based upon the aforementioned facts, which are specifically pled in Plaintiff's Complaint, Plaintiff has sufficiently stated a claim for relief under the FDCPA and exceeds the standard required for *Twombly* and *Iqbal*.

### C. Plaintiff's Claim Under the TDCA Surpasses the *Twombly* and *Iqbal* Standard

A successful claim for relief under the TDCA, TEX. FIN. CODE § 392.302(4), requires Plaintiff to show that (1) Defendant is a debt collector; and (2) Defendant caused a telephone to ring repeatedly or continuously, or made repeated or continuous telephone calls, with the intent to harass a person at the called number. TEX. FIN. CODE § 392.302(4). Here, Plaintiff has sufficiently pled violations of the TDCA by stating in her Complaint that Defendant is defined as a debt collector under TEX. FIN. CODE § 392.001(6) [Doc. No. 1 ¶ 7] as it is a person who directly or indirectly engages in debt collections and was at all material times, attempting to collect a debt relating to Plaintiff's Conn's HomePlus Account. [Doc. No. 1 ¶ 10]

Plaintiff further states that Defendant violated the TEX FIN. CODE § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. [Doc. No. 1 ¶ 32]. After revoking any prior express consent to be contacted and notifying Defendant to cease any and all contact directly with Plaintiff, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone [Doc. No. 1 ¶ 12-15, 17, 33]. Defendant called Plaintiff's cellular telephone at least one hundred thirty three (133) times, as outlined in Exhibit "B" attached to the complaint. Plaintiff's Complaint also identifies at least seven different dates on which Plaintiff revoked any prior express consent for Defendant to contact Plaintiff, including written notice directing any contact to Plaintiff's attorney; however, the telephone calls by Defendant to Plaintiff's cellular telephone continued. [Doc. No. 1 ¶ 12-17]. Therefore, under the *Twombly* and *Iqbal* standard, Plaintiff has sufficiently stated a claim for relief under the TDCA.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests Defendant Conn Credit Corporation, Inc.'s FRCP 12(B)(6) Motion to Dismiss Plaintiff Barbara Smith's Verified Complaint [Doc. No. 6] be denied in its entirety. Alternatively, if this Court is inclined to grant Defendant's Motion [Doc. No. 6], Plaintiff requests that this Court allow Plaintiff leave to amend Plaintiff's Complaint to add Conn Appliances, Inc. d/b/a Conn's or Conn's HomePlus as a Defendant.

WHEREFORE, Plaintiff, BARBARA SMITH, respectfully requests this Honorable Court enter an order denying Defendant Conn Credit Corporation, Inc.'s FRCP 12(B)(6) Motion to Dismiss Plaintiff Barbara Smith's Verified Complaint [Doc. No. 6] and granting any other further relief that this Honorable Court deems necessary and proper.

Respectfully submitted this 18th day of January, 2017.

**BOSS LAW**

/s/ Allan J. Boss
**Allan J. Boss, Esq., of counsel**
Attorney-in-charge
TX Bar No.: 00789162
Southern District TX Bar No: 187916
**Christopher W. Boss, Esq.**
FL Bar No. 13183
Email: cptexas@protectyourfuture.com
9887 4th Street N., Ste. 202
St. Petersburg, FL 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of January, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Allan J. Boss
**Allan J. Boss, Esq., of counsel**