Case 4:16-cv-03572 Document 13 Filed on 04/05/17 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
April 05, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BARBARA SMITH, §
 §
 Plaintiff, §
 §
v. § CIVIL ACTION NO. H-16-3572
 §
CONN CREDIT CORPORATION, INC., §
 §
 Defendant. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Barbara Smith has sued Conn Credit Corporation, Inc. ("Conn Credit" or "Defendant") for violations of the Texas Debt Collection Act ("TDCA"),[1] the Fair Debt Collection Practices Act ("FDCPA"),[2] and the Telephone Consumer Protection Act ("TCPA").[3] Pending before the court is Defendant Conn Credit Corporation, Inc.'s FRCP 12(b)(6) Motion to Dismiss Plaintiff Barbara Smith's Verified Complaint ("Motion to Dismiss") (Docket Entry No. 6). For the reasons explained below, Defendant's Motion to Dismiss will be denied.

### I. Factual Allegations[4]

Plaintiff, Barbara Smith alleges that Defendant called her cellular telephone 133 times from June 13, 2016, to July 10, 2016,

---

[1] Tex. Fin. Code Ann. § 392.304(a) (West).

[2] 15 U.S.C. § 1692, et seq.

[3] 47 U.S.C. § 227.

[4] See Plaintiff Barbara Smith's Verified Complaint ("Plaintiff's Complaint"), Factual Allegations, Docket Entry No. 1, pp. 2-5.

in an attempt to collect a debt related to a Conn's Home Plus account.[5] At least some of the calls were made by an automatic telephone dialing system or resulted in voice-mail messages featuring an artificial or prerecorded voice. Plaintiff revoked, both verbally and via facsimile, any prior express consent to be contacted by Defendant. She also advised Defendant that she was represented by counsel and requested that any communication be directed to her attorney. Plaintiff alleges that the calls were made for the purpose of harassment and not for any lawful purpose. Defendant argues that Plaintiff has sued the wrong party and moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## II. Standard of Review

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). The court must accept the factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. Id. (citing Oppenheimer v. Prudential Securities Inc., 94 F.3d 189, 194 (5th Cir. 1996)). To defeat a motion to dismiss, a plaintiff

---

[5] See Call Log, Exhibit B to Plaintiff's Complaint, Docket Entry No. 1-2.

must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

### III. Analysis

Defendant argues that "[w]hen a plaintiff names the incorrect party as a defendant in its lawsuit, moving to dismiss for failure to state a claim is the appropriate remedy."[6] In support of this proposition, Defendant cites a single unreported case: Cunningham v. Advanta Corp., Civil Action No. 3:08-CV-1794-K (BH), 2009 WL 290031 (N.D. Tex. Feb. 3, 2009). In Cunningham the plaintiff sued a corporation and five of its officers for violations of the TDCA and FDCPA.[7] After granting summary judgment in favor of the corporate defendant, the court considered a motion to dismiss the claims against the officers.[8] Concluding that the claims against the officers were not viable because the corporation was not a

---

[6] Defendant's Motion to Dismiss, Docket Entry No. 6, p. 3 ¶ 5.
[7] Cunningham, 2009 WL 290031 at *6.
[8] Id.

proper party to the suit, and additionally that the plaintiff "failed to allege any facts showing how the Defendant Officers were involved in any of the actions that form the basis of his complaint," the court dismissed the claims.[9]

Cunningham is distinguishable in at least two significant respects. First, the court in Cunningham relied on summary judgment evidence in reaching its decision. In the present case no parties have presented evidence beyond the pleadings and attachments.[10] Second, the court concluded that there were no factual allegations as to how the corporate officers were involved. Here, Plaintiff has plainly alleged wrongful conduct by the Defendant.

The essence of Defendant's Motion to Dismiss is that this is a case of mistaken identity. But mistaken identity is a mistake of fact. Defendant argues that it is not a party to the contract between Plaintiff and Conn Appliances, Inc.[11] But Plaintiff does not allege a contractual relationship,[12] only that Defendant attempted to collect the debt. The court therefore has no reason to reject Plaintiff's factual allegations.

---

[9] Id. at *6-7.

[10] Nor would such evidence be properly before the court in a 12(b)(6) motion.

[11] Defendant's Motion to Dismiss, Docket Entry No. 6, p. 4 ¶ 8.

[12] See, e.g., Torrelio v. Evergreen Shipping Agency (America) Corp., Civil Action No. 2:10-0857-MBS, 2011 WL 675043, at *3 (D.S.C. Feb. 16, 2011) (dismissing the case upon a finding that the plaintiff had sued the wrong party, as evidenced by the Bill of Lading identifying the responsible party).

Defendant also argues that Plaintiff's claims are conclusory and consist of bare recitations of the elements. So the court will consider each claim and its supporting allegations in turn under the proper 12(b)(6) standard.

### A. Count I: Violation of the TDCA

The TDCA prohibits debt collectors from harassing a person "by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. Code Ann. § 392.302(4) (West). A "debt collector" is defined as "a person who directly or indirectly engages in debt collection . . . ." Id. at § 392.001. Plaintiff alleges that Defendant called her 133 times from June 13, 2016, to July 10, 2016, in an attempt to collect a debt.[13] Plaintiff's factual allegations support a claim for violation of the TDCA.

### B. Count II: Violation of the FDCPA

The FDCPA prohibits debt collectors from "communicat[ing] with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of . . . such attorney's name and address" subject to exceptions that do not

---

[13]See Call Log, Exhibit B to Plaintiff's Complaint, Docket Entry No. 1-2.

apply here. 15 U.S.C. § 1692c(a)(2). Plaintiff alleges that she notified Defendant on June 29, 2016, that she had retained counsel and provided Defendant with her attorney's contact information,[14] but that Defendant continued to communicate with her in connection with the collection of her debt.[15] Plaintiff's factual allegations support a claim for violation of the FDCPA.

## C. Count III: Violation of the TCPA

The TCPA prohibits "any person within the United States" from "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party" subject to certain exceptions that do not apply here. 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff alleges that Defendant initiated calls that resulted in an artificial or prerecorded voice delivering a message without her prior express consent or after she revoked her consent.[16] Plaintiff's factual allegations support a claim for violation of the FDCPA.

## IV. Conclusions and Order

For the reasons explained above, the court concludes that Plaintiff has pled legally cognizable causes of action accompanied

---

[14] Plaintiff's Complaint, Docket Entry No. 1, p. 3 ¶ 15.

[15] See Call Log, Exhibit B to Plaintiff's Complaint, Docket Entry No. 1-2.

[16] Plaintiff's Complaint, Docket Entry No. 1, p. 4 ¶ 25.

by alleged facts that support her claims. Defendant Conn Credit Corporation, Inc.'s FRCP 12(b)(6) Motion to Dismiss Plaintiff Barbara Smith's Verified Complaint (Docket Entry No. 6) is therefore **DENIED**.

    **SIGNED** at Houston, Texas, on this the 5th day of April, 2017.

                                                                 SIM LAKE
                                  UNITED STATES DISTRICT JUDGE